UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| DANAE KUHLMAN, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | |
| SMOKER'S OUTLET, INC., | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Danae Kuhlman (referred to as "Plaintiff" or "Kuhlman") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Smoker's Outlet, Inc. (referred to as "Defendant" or "Smoker's Outlet"). In support thereof, she would respectfully show the Court as follows:

### I. Nature of Suit

1.  Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.  The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian

goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Smoker's Outlet violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Smoker's Outlet violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Smoker's Outlet, Inc. resides in the Midland/Odessa Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Midland/Odessa Division of the Western District of Texas.

### III. Parties

8. Danae Kuhlman is an individual who resides in Midland County, Texas and who was employed by Smoker's Outlet, Inc. during the last three years.

9. Smoker's Outlet, Inc. is a Texas corporation that may be served with process by serving its registered agent: Carl Allen Jenkins, Jr. at 5000 East University, Ste. 11, Odessa, Texas 79762. Alternatively, if the registered agent of Smoker's Outlet, Inc. cannot with reasonable diligence be found at the company's registered office, Smoker's Outlet, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Smoker's Outlet committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Smoker's Outlet or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

IV.  Facts

11. Smoker's Outlet consists of a chain of retail stores in the Midland, Odessa and San Angelo areas selling tobacco pipes, accessories, cigarettes, and alcoholic beverages; it does business in the territorial jurisdiction of this Court.

12. Smoker's Outlet employed Plaintiff as a clerk from approximately October 2018 to January 2019.

13. During Plaintiff's employment with Smoker's Outlet, she was engaged in commerce or the production of goods for commerce.

14. During Plaintiff's employment with Smoker's Outlet, the company had employees engaged in commerce or in the production of goods for commerce.

15. During Plaintiff's employment with Smoker's Outlet, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16. During Plaintiff's employment with Smoker's Outlet, the company had an annual gross volume of sales made or business done of at least $500,000.

17. Smoker's Outlet paid Plaintiff on an hourly basis.

18. Smoker's Outlet required Plaintiff to work off-the-clock.

19. The off-the-clock work caused Plaintiff's regular rate to fall below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

20. During Plaintiff's employment with Smoker's Outlet, she regularly worked in excess of forty hours per week.

21. Smoker's Outlet knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

22. Smoker's Outlet did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

23. Instead, Smoker's Outlet required to work off-the-clock and/or did not pay Plaintiff for all hours worked.

24. In other words, Smoker's Outlet did not only fail to pay Plaintiff the entirety of her regular wages, but also failed to pay Plaintiff overtime at one and one-half times the regular rate at which she was employed in violation of the FLSA.

25. Smoker's Outlet knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

26. Smoker's Outlet failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

27. Smoker's Outlet knew or showed a reckless disregard for whether its pay practices violated the FLSA.

28. Smoker's Outlet is liable to Plaintiff for her unpaid regular and overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

29. All clerks employed by Smoker's Outlet are similarly situated to Plaintiff because they (1) have similar job duties; (2) were not paid for all the hours they worked; (3) regularly work in excess of forty hours per week; (4) are not paid overtime for the

hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Smoker's Outlet pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

30. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

31. During Plaintiff's employment with Smoker's Outlet, she was a nonexempt employee.

32. As a nonexempt employee, Smoker's Outlet was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

33. Smoker's Outlet did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which she [was] employed." 29 U.S.C. § 207(a)(1).

34. Instead, Smoker's Outlet did not pay Plaintiff for all her hours worked resulting in Plaintiff being paid at less than one and one-half times her regular rate for the hours he worked over forty in a workweek.

35. If Smoker's Outlet classified Plaintiff as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

36. Smoker's Outlet knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Smoker's Outlet willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

37. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

39. In addition to the pay violations of the FLSA described above, Smoker's Outlet also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

40. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

41. On information and belief, other employees have been victimized by Defendant's violations of the FLSA identified above.

42. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied the entirety of their regular wages and denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

43. Defendant's policy or practice of failing to pay the entirety of employees' regular wages and failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

44. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

45. All clerks employed by Smoker's Outlet, regardless of their rates of pay, that have not been paid for all their hours worked and paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All clerks and any other employee employed by Smoker's Outlet, Inc. during the last three years not paid all of their regular and overtime wages.

46. Smoker's Outlet is liable to Plaintiff and the other clerks for the difference between what it actually paid them and what it was legally obligated to pay them.

47. Because Smoker's Outlet knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other clerks their unpaid regular and overtime wages for at least the last three years.

48. Smoker's Outlet is liable to Plaintiff and the other clerks in an amount equal to their unpaid regular and overtime wages as liquidated damages.

49. Smoker's Outlet is liable to Plaintiff and the other clerks for their reasonable attorneys' fees and costs.

50. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII. Prayer

51. Plaintiff prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Plaintiff and all other clerks all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

    c. postjudgment interest at the applicable rate;

    d. incentive awards for any class representative(s); and

    e. all such other and further relief to which Plaintiff and the other clerks may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739